# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | |
| **JAMES BERRY** and ) | Chapter 13 |
| **PATRICIA BERRY**, ) | Case No.: 13-20987 |
| ) | |
| Debtors. ) | |

## ORDER ON APPLICATION FOR COMPENSATION

This matter is before me on the Second Application for Compensation for Services by Lee Anne Graybeal, Esq. (Docket Entry ("DE") 120) (the "Fee Application"). In making my determination I have considered, among other things, the Fee Application, the Chapter 13 Trustee's (the "Trustee") objection (DE 125) and Ms. Graybeal's response (DE 126).

Ms. Graybeal bears the burden of proof as the applicant. *In re Hansbury*, 2015 WL 2445051, at *1 (Bankr. D. Me. May 20, 2015). The law I apply in reviewing fee applications is set forth in *In re Mullen*, 2014 WL 4988269, at *1 (Bankr. D. Me. Oct. 6, 2014).

Ms. Graybeal seeks allowance of $11,158.00 in fees and no costs. The Trustee objects and asserts that the following amounts should be disallowed for the following reasons:

| | Amount | Reason |
|---|---|---|
| 1. | $1,739.50[1] | Not enough information to ascertain whether these services benefitted the debtors or their estate. |
| 2. | No total provided. | Case revolved around a loan modification, and the motion |

---

[1] Ms. Graybeal's first fee application was for $6,256.25 in fees and $436.36 in costs and was granted in April of 2014 without objection. DE 40. The Trustee objects to $1,739.50 of fees awarded from the first fee application.

|   |   |   |
|---|---|---|
|   |   | to allow and disallow claims was premature until loan modification was granted and amended schedules were filed. All time spent prosecuting the July 2014 motion to allow and disallow prior to filing amended schedules should be disallowed. |
| 3. | No total provided. | August 2014 motion to strip lien was denied in March 2015 for failure to prosecute. In August 2015 consent motion seeking similar relief was filed. Absent a more complete explanation the time relating to the former motion should be disallowed. |
| 4. | $473.00 | Insufficient description. |
| 5. | No total provided. | Clerical work is not compensable. |
| 6. | No total provided. | Duplicative billings. |
| 7. | $43.00 | Time spent transferring file to another employee. |

In her response, Ms. Graybeal addressed the Trustee's concerns. As to category 1, I find that Ms. Graybeal has met her burden and the Trustee's objection is overruled. However, Ms. Graybeal's explanations as to the Trustee's objection in the 2nd and 3rd category are not adequate and I disallow the fees sought by $400. As to category 4, Ms. Graybeal has agreed to reduce her fees by $58.50 as a compromise. Based on my review, I believe this understates the value of the time entries which do not have sufficient description (for example, the 1.0 entry for Ms. Graybeal on May 29, 2014 – "meeting with clients"). For the reasons set forth in my opinion on Ms. Graybeal's fee application dated contemporaneously in Case No.: 15-20342, I disallow $400 in this category.

As to the Trustee's remaining objections, Ms. Graybeal offers to reduce her application by an additional $157, which I find appropriate.

Therefore, applying a "flexible paradigm", in keeping with my prior decisions on fee applications, I hereby grant the Fee Application in the amount of $10,201.  *Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 69 (1st Cir.2012).

Date: February 5, 2016                                      /s/ Peter G. Cary
                                                            Hon. Peter G. Cary
                                                            U.S. Bankruptcy Court
                                                            District of Maine